UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCO RODRIGUEZ,

Plaintiff,

v. Case No. 6:25-cv-2164-CAB

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**ORDER**

This cause comes before the Court on Plaintiff Marco Rodriguez's appeal of an administrative decision denying his claim for supplemental security income ("SSI") payments (Doc. 1). Upon review of the record, including the transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the ALJ's decision in Plaintiff's case, the Appeals Council's subsequent review of that decision, and the pleadings and memoranda submitted by both parties, the Court affirms the decision of the Commissioner of the Social Security Administration (the "Commissioner") in this case, pursuant to sentence four of 42 U.S.C. § 405(g).

## I. Background

On March 28, 2022, Plaintiff filed an application for SSI benefits with the Social Security Administration (the "SSA"), alleging a disability onset date of March 1, 2020, based on the following purported impairments: "bilateral club feet, platelet disorder,

Crohn's disease, anemia, and intestinal ulceration." (Tr. 91; *see also* Tr. 14; Doc. 14 at 1). Plaintiff was thirty-six years old on the date that his SSI application was filed. (Tr. 25). Pertinent to the present appeal, the record reflects that Plaintiff has a bachelor's degree in communications and worked as a "user support analyst" from 2019 through 2020 for a period of slightly less than one year. (*Id.*).

On January 10, 2024, the SSA denied Plaintiff's SSI application, finding that Plaintiff's condition was not "severe enough to keep [him] from working." (Tr. 91). Plaintiff subsequently filed a request for reconsideration of the SSA's decision, which the SSA again denied on May 16, 2024. (Tr. 94–96). Plaintiff then sought a hearing before an ALJ, which was conducted on October 24, 2024, via telephone. (Tr. 33–55). Several months later, in a decision issued on December 16, 2024, the ALJ ultimately denied Plaintiff's application for SSI, finding Plaintiff to have "not been under a disability, as defined in the Social Security Act, since March 28, 2022, the date [Plaintiff's SSI] application was filed . . . ." (Tr. 26).

On February 13, 2025, Plaintiff requested review of the ALJ's decision by the Appeals Council. (Tr. 181). The Appeals Council denied Plaintiff's request on September 25, 2025 (Tr. 5–7), rendering the ALJ's decision in Plaintiff's case the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Plaintiff next filed this action for judicial review on November 11, 2025. (*See* Doc. 1). Plaintiff has exhausted his available administrative remedies, and the case is properly before the Court.

**II. The ALJ's Decision**

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. § 1520(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently working at a substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work available in significant numbers in the national economy. *See Wright v. Comm'r of Soc. Sec.,* No. 24-11084, 2026 WL 1481204, at *1 (11th Cir. May 27, 2026); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *but see* 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step.").

In the present case, the ALJ appears to have performed the sequential analysis through step five. (Tr. 16–26). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 28, 2022, the date that Plaintiff originally filed his SSI benefits application. (Tr. 16). At step two, the ALJ determined that Plaintiff had the following severe impairments: (1) congenital foot/ankle disorder (clubfoot); (2) status post ankle fusion; (3) obesity; (4) thrombocytopenia; (5) amenia; (6) Crohn's disease/diverticulosis; (7) gastroesophageal reflux disease (GERD); (8) hypertension; (9) diabetes mellitus; (10) peripheral neuropathy; and (11)

hyperlipidemia. (Tr. 17). At step three, the ALJ made a finding that Plaintiff did not have "an impairment or combination of impairments" that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18).

Before proceeding to step four, the ALJ concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 416.967(a),[1] with several exceptions:

> [N]o operation of foot controls; never climbing ladders, ropes, scaffolds, ramps, or stairs; [Plaintiff] can occasionally stoop; he can never kneel, crouch, or crawl; he can have no concentrated exposure to vibration; and he can have no exposure to unprotected heights or dangerous moving machinery.

(Tr. 19). Of critical importance to Plaintiff's appeal, at step four, the ALJ determined that Plaintiff was "capable of performing past relevant work as a [u]ser [s]upport [a]nalyst," further asserting that "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." (Tr. 24). At step five, the ALJ further found that Plaintiff "could perform this past relevant work of [u]ser [s]upport [a]nalyst, as it was performed, and as it is generally performed in the national economy." (Tr. 25). The ALJ further noted that, "[i]n addition to past relevant work, there are other jobs that exist in significant numbers in the national economy that

---

[1] The C.F.R. defines "sedentary work" as follows: "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." C.F.R. 416.967(a).

[Plaintiff] also can perform," including the positions of stone setter, dowel inspector, and stuffer. (Tr. 25–26).

### III. Standard

Where, as here, "the ALJ denies benefits and the [Appeals Council subsequently] denies review, we review the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. This Court's authority to conduct judicial review of the Commissioner's determinations is derived from 42 U.S.C. § 405(g). Under this provision, a finding of fact made by the Commissioner is "conclusive" so long as it is "supported by substantial evidence." § 405(g). "Substantial evidence is defined as more than a scintilla." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam). Rather, it encompasses "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Thus, in conducting its review, this Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" for that of the Commissioner's. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)); *see also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."). Further, the Court must consider the record "as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986)). Finally, the Court reviews the Commissioner's legal conclusions *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam).

**IV. Discussion**

In appealing the ALJ's decision, along with contesting the Appeals Council's review of that decision, Plaintiff makes the following arguments in support of his position: (1) that the ALJ "failed to apply the correct legal standards at step four of the sequential evaluation process," (*see* Doc. 14 at 4–7); and (2) that the Appeals Council "failed to apply the correct legal standards to [Plaintiff's] new and material evidence," (*see id.* at 7–11). For the reasons that follow, the Court affirms the final decision of the Commissioner denying Plaintiff's SSI application.

**A. The ALJ's Past Relevant Work/Step Four Determination**

Plaintiff first challenges the ALJ's determination that Plaintiff retained the RFC to perform his past relevant work as a user support analyst. (Doc. 14 at 4–7). More specifically, Plaintiff contends that his previous position as a user support analyst should not have been found by the ALJ to constitute past relevant work because the Department of Labor's Dictionary of Occupational Titles ("DOT") classifies the position as having a Specific Vocational Preparation ("SVP") score of seven, meaning that it typically requires two to four years to "learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, App. C, Sec. II (4th ed., rev. 1991), 1991 WL 688702. Because he was employed as a user support analyst for

slightly less than one year, Plaintiff argues that the ALJ "should have determined that [he] did not perform this job long enough to learn it and it should not have qualified as past relevant work." (Doc. 14 at 6). The Court finds that such arguments do not constitute an appropriate basis for reversal of the ALJ's decision for the reasons articulated below.

Pursuant to Social Security Ruling ("SSR") 24-2p, the SSA defines past relevant work as "work that an individual has done within the past 5 years, that was [substantial gainful activity], and that lasted long enough for the individual to do it." In determining whether a social security claimant can perform his past relevant work, as such work "is generally performed in the national economy," the Eleventh Circuit has proclaimed that "[a]n ALJ may rely on information contained in the [DOT]," which would include information relating to SVP scores. *Hernandez v. Comm'r of Soc. Sec.*, 433 Fed. Appx. 821, 822 (11th Cir. 2011). Relevant to both parties' arguments here, the SSA's Program Operations Manual System ("POMS") additionally conveys that adjudicators are to use SVP scores as a "guideline for determining how long it would take a claimant to achieve average performance in a job" when evaluating whether a "claimant's past work is relevant." POMS DI 25001.001. The POMS goes on to stipulate that, "[a]t the skilled levels of SVP (5-9), education figures heavily into the SVP rating," similarly prescribing that adjudicators are to "[c]onsider the claimant's education when evaluating whether the claimant did the job long enough to learn it." *Id.* "Per the Department of Labor, a four-year college degree is equal to two years of

SVP." *Id.* Ultimately, it is the social security claimant who "has the burden of showing that certain work experience is not past relevant work." *Barnes*, 932 F.2d at 1359.

Here, the ALJ explicitly found at step four of his evaluation of Plaintiff's SSI application that Plaintiff's prior position as a user support analyst qualified as "past relevant work." (Tr. 24). The ALJ explicitly took into account that the user support analyst job "has an SVP of 7," and that Plaintiff had worked in the position "from 2019 through 2020, for slightly less than one year . . . ." (Tr. 25). However, after also "taking into consideration that [Plaintiff] has a bachelor['s] degree in communications, and performed the user support analyst work at substantial gainful activity levels, within the last 5 years, and, for at least 30 consecutive days," the ALJ ultimately concluded that the position of user support analyst "qualifies as [Plaintiff's] past relevant work." (*Id.*). The Court does not find the ALJ to have been clearly mistaken in this regard.

As Plaintiff's own brief notes, (*see* Doc. 14 at 5–6), POMS DI 25001.001 dictates that SVP scores are to be used by adjudicators as "***guideline[s]*** for determining how long it would take a claimant to achieve average performance in a job," and in this way do not strictly limit an ALJ's determination as to whether or not a social security claimant has performed past relevant work. (emphasis added). Moreover, the POMS further clarifies that a four-year college degree is the equivalent of "two years of SVP." *Id.* Because the DOT assigns the position of user support analyst an SVP level of seven, which generally corresponds to two to four years of preparation, the ALJ reasonably concluded that Plaintiff's education, when considered in conjunction with his slightly

less than one year of experience as a user support analyst, was sufficient to qualify Plaintiff's time as a user support analyst as past relevant work. *See* Dictionary of Occupational Titles, App. C, Sec. II (4th ed., rev. 1991), 1991 WL 688702; *see also Winschel*, 631 F.3d at 1178 (noting that courts may not substitute their judgment for that of the Commissioner's when the Commissioner's decision is supported by substantial evidence). As such, the Court finds that the ALJ's step four determinations were supported by substantial evidence.

**B. The Appeals Council's Review of Plaintiff's Purportedly New and Material Evidence**

Plaintiff next asserts that the Appeals Council failed to appropriately consider "new and material evidence" in the form of "job estimate reports" for the positions of stone setter, dowel inspector, and stuffer—positions about which the vocational expert testified before the ALJ. (Doc. 14 at 8; Tr. 51). According to Plaintiff, these job estimate reports significantly contradict the job data that the vocational expert presented to the ALJ, meriting a remand of Plaintiff's case by this Court for further administrative proceedings so that the information conveyed in the job estimate reports is properly considered. (*Id.*).

To be sure, pursuant to 42 U.S.C. § 405(g), "a federal district court must consider evidence not submitted to the [ALJ] but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1258 (11th Cir. 2007). However, 20 C.F.R. § 404.1520(a)(4) dictates that, if the SSA can find that a claimant

is "disabled or not disabled at a step" of the five step sequential evaluation process, the SSA "makes [its] determination or decision and [does] not go to the next step." Here, as detailed above, the Court has found that the ALJ's step four determinations are supported by substantial evidence, or in other words that it will not disturb the ALJ's determination that Plaintiff is capable of performing his past relevant work as a user support analyst. As a result, the ALJ need not have proceeded onto step five, having appropriately determined Plaintiff to not be disabled at step four. Accordingly, Plaintiff's arguments regarding the ALJ's step five analysis are moot.

## V. Conclusion

Upon consideration of the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties